UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:23-cv-303

MARILYN DEVON DUPREE,
An Individual,

    Plaintiff,

v.

TAMPA HUND, L.P.,
A foreign limited partnership,
d/b/a COURTESY HYUNDAI,

    Defendant.
_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, MARILYN DEVON DUPREE ("Plaintiff") bring this action against TAMPA HUND, L.P., d/b/a COURTESY HYUNDAI, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff reside in this district,

and Defendant transacts business in this district.

## PARTIES

3. Plaintiff are natural persons who at all relevant times resided in Hillsborough County, Florida.

4. Defendant was at all relevant times herein was doing business in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

5. On or around July 2019, Defendant leased a new 2019 Genesis G70 Sedan ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Florida Motor Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on Line 7D above plus a Purchase Option Fee of $N/A. You are also responsible for any official fees, such as those for taxes, title, license, and registration, plus a Purchase Option Fee of $0.00." *Id*. ¶ 6.

8. Line 7D disclosed the amount of $22,620.00 ("Purchase Option Fee").

9. Aside from the Purchase Option Fee, the Lease did not disclose any other fees or costs to be added to the purchase price for Plaintiff to exercise the

purchase option at the end of the lease term.

10. Plaintiff reasonably relied on these terms, including the purchase option price, when agreeing to consummate the Lease.

11. At the end of the lease term, Plaintiff contacted the lease servicer to whom the Lease was assigned and asked about the process to buy the Vehicle.

12. In May of 2022, Plaintiff visited Defendant to exercise the purchase option at the end of the lease term.

13. However, to Plaintiff' surprise, Defendant charged Plaintiff a $799.00 "Predelivery Service Charge" and a $98.00 "Private Tag Agency Charge" Plaintiff $21,821.00 to buy the Vehicle.

14. The $799.00 "Predelivery Service Charge" and a $98.00 "Private Tag Agency Charge" were not official charges or fees.

15. In the Lease, Defendant never disclosed that payment of the $799.00 "Predelivery Service Charge" and a $98.00 "Private Tag Agency Charge" would be required to exercise the purchase option.

16. Defendant's failure to honor the purchase price in the Lease was the cause of Plaintiff' harm, as Plaintiff were left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

**COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a**

17. The CLA governs the disclosures in the Lease because the lease term

ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

18. Plaintiff are natural persons who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

19. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

20. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

21. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

22. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

23. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

24. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of payment of the $799.00 "Predelivery Service Charge" and a $98.00 "Private Tag Agency Charge" were required to exercise the purchase option at the end of the lease.

26.   Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the Purchase Option Fee that payment of the $799.00 "Predelivery Service Charge" and a $98.00 "Private Tag Agency Charge" were required to exercise the purchase option at the end of the lease.

27.   Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

28.   These omissions were material to Plaintiff' decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

29.   Plaintiff suffered financial loss in that Plaintiff paid more than what the Lease required to buy the Vehicle.

30.   Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

31.   Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

32.   Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Actual Damages;

B. Statutory Damages of $2,000.00;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street
Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357